19 F.3d 23
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Frankie Levi COLE, Appellant,
v.
Elson OGORZOLKA; Thomas Lamb; Bobby C. Kilgore; Michael
Conn; Laurie Smith Camp; Aaron Hall; John Determan; Bruce
Smith; Frank O. Gunter; Karen Shortridge; Gene Hruza;
Robert Houston; Tom A. Davis; G. Carrerra; L. Quebedeaux,
Appellees.
 No. 93-1271.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 24, 1994.
Filed: March 10, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frankie Levi Cole, a Nebraska inmate, appeals from the district court's[1] order dismissing his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 After Cole filed a lengthy complaint against numerous prison officials, the district court dismissed many of the claims as frivolous under 28 U.S.C. Sec. 1915(d). The court held a trial on Cole's remaining claims: that Lieutenant Elson Ogorzolka ordered him to submit, in the presence of another inmate, to a strip search that included a visual body cavity (VBC) search; that Officer Thomas Lamb unnecessarily observed a similar search conducted by officers escorting Cole to the segregation unit; that Lamb, while conducting a pat search, demanded a VBC search when Cole did not provide him his institutional number; that Lieutenant Conn denied him permission to use the exercise yard because Cole (who had been escorted there in handcuffs) did not submit to a VBC search prior to entering the yard; that Ogorzolka ordered a VBC search when Cole came to segregation in handcuffs after a disciplinary hearing, and disciplinary committee chairperson Robert Houston, who joined them, ordered Cole to comply; and that Ogorzolka and Officer John Determan ordered a VBC search in conjunction with a urinalysis despite Cole's offer to provide a urine sample under direct observation. The district court ruled that the strip searches were conducted in conformity with administrative regulations and were based on legitimate security concerns.
 
 
 3
 We conclude that the judgment of the district court is based on findings of fact that are not clearly erroneous and that an opinion would have no precedential value. Accordingly, we affirm based upon the well-reasoned order of the district court. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska